IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAYMOND P. ORTIZ,

      Petitioner,

vs.                                         No. CV 18-00525 JCH/SCY

WARDEN MARK BOWN,
GEO INC., et al.,

      Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Petition Under 28 U.S.C. § 2241 For a Writ of Habeas Corpus filed by Petitioner, Raymond P. Ortiz. (Doc. 1). The Court determines that his Petition fails to state a claim for § 2241 relief and Petitioner Ortiz is not entitled to § 2241 relief. Further, to the extent the Petition can be construed as a civil rights complaint under 42 U.S.C. § 1983, the Petition also fails to state a § 1983 claim for relief. The Court will dismiss the Petition with prejudice.

Petitioner Ortiz is a prisoner incarcerated at the Northeastern New Mexico Detention Facility. (Doc. 1 at 1). At the time of the events underlying his Petition, Ortiz was incarcerated at the Central New Mexico Correctional Facility ("CNMCF"). (Doc. 1 at 15). Petitioner Ortiz arrived at CNMCF on February 28, 2018. (Doc 1 at 15). Ortiz claims that prior to his arrival at CNMCF, he was on a suboxone program at MDC, that he was "dirty" when he arrived at CNMCF, and that he has been on suboxone for many years. (Doc. 1 at 15). New Mexico Corrections Department Policy 090500 provides that "[i]f the newly arrived inmates are randomly tested within the first 7 days of arrival and test positive for chemical substances, the inmate will not receive

1

disciplinary misconduct report . . .the only exception to this will be if the staff member has reasonable suspicion." (Doc. 1 at 15).

On March 9, 2018, a CNMCF Correctional Officer made a misconduct report:

"On March 9, 2018, at approximately 8:05 am, I was conducting a security round in Housing United 3B-F Pod.  I noticed that a white sheet had been hung, covering the window of the door to cell F113.  When I opened the cell door, I found three (3) inmates in Cell F113.  The inmates were identified as Ortiz, Raymond 73240 assigned to F102, Martinez Anthony 78613 assigned to F109, and Arenivar, Jesus assigned to F113.  I also noticed an orange syringe cap lying on the cell floor.  All three (3) inmates were escorted to ID to be body scanned.  All three (3) inmates were ordered to provide a urine sample for urinalysis.  At approximately 8:35 am, Inmate Ortiz provided a urine sample.  The urinalysis tested positive for BUP (suboxone).  Inmate Ortiz 73240 subsequently admitted to using Suboxone, did not desire a drug confirmation, and signed the appropriate paperwork.  Inmate Ortiz 73240 was subsequently returned to his assigned cell."

(Doc. 1 at 16).  Ortiz was charged with disciplinary violations including A (18) Possession or Use of Dangerous Drugs and B (9) Presence in Unauthorized or Restricted Areas.  (Doc. 1 at 15).

A disciplinary hearing was held on March 19, 2018.  (Doc. 1 at 15). Petitioner Ortiz was present at the hearing and was advised of the rights available to him during the hearing.  (Doc. 1 at 15).  Ortiz declined staff representation and was permitted to address issues he felt were not in compliance with Disciplinary Policy.  (Doc. 1 at 15).  Ortiz denied the charges, claiming his participation in the MDC suboxone program. The Hearing Officer found that Petitioner's presence in another inmates cell provided reasonable suspicion under NMCD Policy, that Ortiz had been at CNMCF more than 7 days, and that there had been sufficient time for any suboxone used prior to his arrival to have metabolized through his body. (Doc. 1 at 15).  The Hearing Officer found Ortiz guilty of the charges.  (Doc. 1 at 14).  The documentation is difficult to read, but it appears that the Hearing Officer recommended loss of some privileges, including commissary privileges, for an unknown period of days.  (Doc. 1 at 14).

Ortiz appealed to the Disciplinary Appeal Officer, who approved the Hearing Officer's Decision. (Doc. 1 at 14). Ortiz then appealed to the warden, Kenneth Smith. (Doc. 1 at 13). Warden Smith upheld the Hearing Officer's Decision, finding that the time limits were met, proper charges were made, the sanctions were proportionate, procedural requirements were met, and the decision was based on substantial evidence. (Doc. 1 at 13). Ortiz then filed a New Mexico Corrections Department Disciplinary Appeal, claiming that Corrections Department chain-of-custody policies had not been followed and that there were no photos of the evidence. (Doc. 1 at 12). The Director of Adult Prisons denied the appeal, concurring with the Warden's findings and conclusions. (Doc. 1 at 11).

Ortiz filed his § 2241 Petition in this Court on June 6, 2018. (Doc. 1 at 1). He asserts three claims in his Petition:

> "Ground One: Violation of due process under the Fifth and Fourteenth Amendments of the United States Const. and of the New Mexico Const. . . .
>
> Ground Two: That the State administrative officer (ie grievance officer) made a verbal and written agreement and did not abide by the terms and decision of that agreement and did not follow the proper procedures by there own policy's . . .
>
> Ground Three: That there was retaliator aspect to the write ups as the person guilty admitted to what was aledge and that the New Mexico Corrections department should of dropped the incident-in violation of Sixth Amendment."

(Doc. 1 at 3, 5, 6) (errors in the original). Ortiz asks that the Court to "remove this from my Inmate Record" and for "other compensation the Court finds reasonable as to it's find whether monetary or judicial." (Doc. 1 at 10).

## ANALYSIS OF PETITIONER'S CLAIMS

Petitioner Ortiz filed this proceeding on a § 2241 form. (Doc. 1). A proceeding under § 2241 is an attack by a person in custody upon the legality of that custody and the traditional function is to secure release from illegal custody. *Preiser, Correction Commissioner v. Rodriguez,*

3

411 U.S. 475, 484 (1973).  Section 2241(c)(3) provides, in pertinent part, that the writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States.

A § 2241 petition "attacks the execution of a sentence rather than its validity." *Brace v. United States,* 634 F.3d 1167, 1169 (10th Cir.2011) (quotations omitted). A proper § 2241 petition concerns "'the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action ... attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.'" *McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 812 (10th Cir.1997) (omission in original) (quoting *Rhodes v. Hannigan,* 12 F.3d 989, 991 (10th Cir.1993)). "'It is well-settled law that prisoners who wish to challenge only the conditions of their confinement ... must do so through civil rights lawsuits ... not through federal habeas proceedings.'" *Palma–Salazar v. Davis,* 677 F.3d 1031, 1035 (10th Cir.2012) (omissions in original) (quoting *Standifer,* 653 F.3d at 1280). Thus, to state a claim under § 2241, a petitioner must challenge the fact or duration—and not the conditions—of confinement.  *Lawrence v. Oliver*, 602 F. App'x 684, 687 (10th Cir. 2015).

In this case, Petitioner Ortiz does not challenge the fact or duration of his confinement but, instead challenges his prison conditions. Ortiz's petition addresses his disciplinary proceeding and loss of privileges. (Doc. 1 at 3, 5, 6). He does not allege he should be immediately released or that any prison official has impermissibly increased the duration of his sentence. His petition seeks only the expungement of the incident from his inmate record. (Doc. 1 at 10). Even under a liberal construction of Petitioner's claims, he has failed to allege a valid basis for a § 2241 petition.  *See, e.g., Lawrence v. Oliver*, 602 F. App'x at 687–88.  The Petition fails to state a § 2241 claim for relief.

Petitioner Ortiz asks the Court to grant him "other compensation the Court finds reasonable as to it's find whether monetary or judicial." (Doc. 1 at 10). Although filed on a § 2241 form, the Court could construe Ortiz's Petition as a civil rights complaint under § 1983. *McIntosh v. U.S. Parole Comm'n,* 115 F.3d at 812.  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).  Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

Petitioner Ortiz names Warden Mark Bowen and Geo Inc. as Respondents in this case. (Doc. 1 at 1).  However, the Petition contains no allegations against either Warden Bowen or Geo Inc.  The Complaint fails to state any § 1983 claim for relief against either Respondent. *Ashcroft v. Iqbal,* 556 U.S. at 676.  Further, although Ortiz makes generalized due process, breach of an

agreement, and retaliation claims (Doc. 1 at 3, 5, 6), he does not factually specify how the conduct of any individual or entity resulted in a violation of his constitutional rights. *Trask v. Franco*, 446 F.3d at 1046. Ortiz's generalized allegations of denial of due process, breach of an agreement, and retaliation fail to state a factually sufficient civil rights claim. *Ashcroft v. Iqbal,* 556 U.S. at 676.

However, even if Petitioner had properly pled a § 1983 claim for relief, Ortiz is not eligible for relief in this case. It is not clear from the record whether the discipline imposed in this case is sufficient to implicate constitutional due process rights. Assuming that it is sufficient, the record shows Ortiz was afforded all process that is due in prison disciplinary actions.

The Fourteenth Amendment requires due process in disciplinary proceedings resulting in substantial loss of rights. *Wolff v. McDonnell*, 418 U.S. 539, 559 (1974). However, prison disciplinary proceedings do not require the same level of due process that would be required in criminal court proceedings. In general, the process due in prison disciplinary proceedings includes: (1) written notice of the claimed violations; (2) disclosure of evidence against the prisoner; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (5) a neutral and detached hearing officer; and (6) a written statement by the factfinders as to the evidence relied on and reasons for the decision. *Wolff*, 418 U.S. at 559.

In prison administrative proceedings, due process does require that there be some evidence to support the decision. *See, e.g., United States ex rel. Vajtauer v. Commissioner of Immigration,* 273 U.S. 103, 106 (1927). Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or

weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary officer. *Willis v. Ciccone,* 506 F.2d 1011, 1018 (8th Cir. 1974). The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Disciplinary actions are not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence, applies in this context. *Compare Jackson v. Virginia,* 443 U.S. 307, 313-316 (1979) *with Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455–56 (1985).

In this case, the record shows that Ortiz was given written notice of the claimed violations (Doc. 1 at 16). The Notice disclosed the evidence against him. (Doc. 1 at 16). A hearing was held before a neutral and detached hearing officer and Ortiz was afforded an opportunity to be heard in person, to present his evidence, concerns, and issues with the process, and to confront the evidence and witnesses against him. (Doc. 1 at 15). He was given a written statement by the hearing officer as to the evidence relied on and reasons for the decision. (Doc. 1 at 14). Last, he was allowed to appeal the decision to (1) the Disciplinary Appeal Officer, (2) the Warden, and (3) the Department of Corrections, each of which concluded that all procedural requirements had been met and the hearing officer's decision was supported by the evidence. (Doc. 1 at 11, 12, 13). Ortiz was afforded all process due in a prison disciplinary proceeding consistent with the Constitution. *Wolff v. McDonnell*, 418 U.S. at 559.

Ortiz has not demonstrated the existence of an actual or threatened constitutional violation sufficient to support habeas corpus relief. Nor has he established the existence of a violation of protected constitutional rights sufficient to afford him relief under § 1983. If he did possess a protected interest, he was afforded constitutionally sufficient due process, and his unsupported,

generalized allegations do not state a claim for relief. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) Petitioner has failed to make a substantial showing of entitlement to relief and the Court will dismiss the case.

**IT IS ORDERED** that the Petition Under 28 U.S.C. § 2241 For a Writ of Habeas Corpus filed by Petitioner, Raymond P. Ortiz. (Doc. 1) is **DISMISSED** with prejudice.

                                                                                    _____
                                                                                    SENIOR UNITED STATES DISTRICT JUDGE